# APPENDIX A

ELECTRONICALLY FILED
2021 Aug 12 AM 8:08
CLERK OF THE OSAGE COUNTY
CASE NUMBER: OS-2021-CV-000032
PII COMPLIANT



**Court:**           Osage County

**Case Number:**     OS-2021-CV-000032

**Case Title:**      Milissa Caskey, et al
                     vs.
                     James Lentz, et al

**Type:**            Summons


SO ORDERED.

/s/ Camille Massey, Deputy Clerk


Electronically signed on 2021-08-12 08:08:34    page 1 of 3

**IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS**
**4TH JUDICIAL DISTRICT**

| | |
|---|---|
| In the Matter of:                                )                   | |
|                                                          )                   | |
| **Milissa Caskey;**                            )                   | |
| **Lance Caskey;**                              )                   | |
| **Isaac Hook; and**                          )                   | |
| **Milissa Caskey and Lance Caskey on behalf of**   ) | |
| **their minor children, E.C., L.C., E.H., T.H.,**   ) | |
| **L.C., and S.H.**                            )                   | |
|                 **Plaintiffs,**              )                   | |
|                                                          )                   | |
| **v.**                                              )                   | |
|                                                          )                   | |
| **USD 434 Santa Fe Trail;**              )         Case No. OS-21-CV-32 |
| **James Lentz, In his Official**         )                   | |
| **Capacity as Superintendent of Schools** ) | |
| **for USD 434  and in his individual capacity** ) | |
|                                                          )                   | |
| **And**                                            )                   | |
|                                                          )                   | |
| **Members of the USD 434 Board of Education** ) | |
|                 **Defendants.**             )                   | |
|                                                          )                   | |

Pursuant to K.S.A. chapter 60

## <u>SUMMONS</u>

To the above-named Defendant:

USD 434 Santa Fe Trail through
Clerk of the Board of Education
Amy Hill
104 S Burlingame
Scranton, KS 66537

You are hereby notified that an action has been commenced against you in this Court.  You are
required to file your response/defenses to the Petition under K.S.A. 60-212 with the Court and to
serve a copy upon J. Phillip Gragson, Petitioner's Attorney, at 3649 SW Burlingame Road, Ste.
200, Topeka, KS 66611:

Within 21 days after service of summons on you.

      **If you fail to do so, judgment will be taken against you for the relief demanded in the Petition.**

**THIS SUMMONS SHALL BE EFFECTIVE AS OF THE DATE AND TIME ON THE FILE STAMP AFFIXED HERETO.**

Documents to be served with the Summons:
Verified Petition
Notice of Hearing



**Court:**          Osage County

**Case Number:**    OS-2021-CV-000032

**Case Title:**     Milissa Caskey, et al
                    vs.
                    James Lentz, et al

**Type:**           Summons

SO ORDERED.

*Camille Massey*

/s/ Camille Massey, Deputy Clerk

Electronically signed on 2021-08-12 08:08:34    page 1 of 3

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS
4ᵀᴴ JUDICIAL DISTRICT

| | |
|---|---|
| In the Matter of: | ) |
| | ) |
| Milissa Caskey; | ) |
| Lance Caskey; | ) |
| Isaac Hook; and | ) |
| Milissa Caskey and Lance Caskey on behalf of | ) |
| their minor children, E.C., L.C., E.H., T.H., | ) |
| L.C., and S.H. | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| USD 434 Santa Fe Trail; | )    Case No. OS-21-CV-32 |
| James Lentz, In his Official | ) |
| Capacity as Superintendent of Schools | ) |
| for USD 434   and in his individual capacity | ) |
| | ) |
| And | ) |
| | ) |
| Members of the USD 434 Board of Education | ) |
| Defendants. | ) |
| _____ | ) |

Pursuant to K.S.A. chapter 60

## SUMMONS

To the above-named Defendant:

James Lentz
104 S Burlingame
Scranton, KS 66537

You are hereby notified that an action has been commenced against you in this Court.  You are required to file your response/defenses to the Petition under K.S.A. 60-212 with the Court and to serve a copy upon J. Phillip Gragson, Petitioner's Attorney, at 3649 SW Burlingame Road, Ste. 200, Topeka, KS 66611:

Within 21 days after service of summons on you.

**If you fail to do so, judgment will be taken against you for the relief demanded in** the Petition.

**THIS SUMMONS SHALL BE EFFECTIVE AS OF THE DATE AND TIME ON THE FILE STAMP AFFIXED HERETO.**

Documents to be served with the Summons:
Verified Petition

ELECTRONICALLY FILED
2021 Aug 11 AM 11:13
CLERK OF THE OSAGE COUNTY
CASE NUMBER:  OS-2021-CV-000032
PII COMPLIANT

## IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS
## 4TH JUDICIAL DISTRICT

| | |
|---|---|
| In the Matter of: )<br><br>Milissa Caskey; )<br>Lance Caskey; )<br>Isaac Hook; and )<br>Milissa Caskey and Lance Caskey on behalf of )<br>their minor children, E.C., L.C., E.H., T.H., )<br>L.C., and S.H. )<br>           Plaintiffs, )<br>                   )<br>v. )<br>                   )<br>**USD 434 Santa Fe Trail** )<br>**James Lentz, In his Official** )<br>**Capacity as Superintendent of Schools** )<br>**for USD 434   and in his individual capacity** )<br>                   )<br>**And** )<br>                   )<br>**Members of the USD 434 Board of Education** )<br>          **Defendants.** )<br>_____ ) | Case No. _____ |

Pursuant to K.S.A. chapter 60

## **VERIFIED PETITION**

COMES NOW, Plaintiffs Milissa Caskey, Lance Caskey, Isaac Hook, and Milissa

Caskey and Lance Caskey on behalf of their minor children, E.C., L.C., E.H., T.H., L.C., and

S.H. (the "Plaintiffs") and submit the following as their Petition in this action:

## **PARTIES, JURISDICTION AND VENUE**

1. The Plaintiffs are and were at all times material hereto, residents of the State of

   Kansas, County of Shawnee.

2. The Defendants, USD 434 is a "municipality" as that word is defined by K.S.A. 12-

   105a(a); James Lentz in his official capacity as Superintendent of Schools for USD

   434 is an individual acting on behalf of a  "municipality" as that word is defined in

K.S.A. 12-105a(a); and the Members of the USD 434 Board of Education are a "governing body" for the municipality as that word is defined in K.S.A. 12-102a(b).

3. The Defendants may be served with process through the Clerk of the District's Board of Education, Amy Hill, at 104 S. Burlingame, Scranton, KS 66537.

4. Venue is properly placed with this Court pursuant to K.S.A. 60-603(1), (2) and (3).

## ALLEGATIONS OF FACT

5. On May 26, 2021, Plaintiffs applied for out-of-district admission for Isaac Hook, E.C., L.C., E.H., T.H., L.C., and S.H. (the Caskey Children) into USD 434 Santa Fe Trail School district for the 2021-2022 school year. In the preceding three years, the Caskey Children have been admitted into the District through this process. In addition, the Caskeys have attended school in USD 434 for the majority of their academic careers. Three previous children of Mr. Caskey also graduated from Santa Fe Trail High School.

6. During the June 9, 2021, Board meeting, the Board unanimously voted to accept the recommendations of Mr. Lentz regarding the application for the admission of out of district students for the 2021-2022 school year. In addition to the Caskey Children, ten (10) other students were presented for approval as out of district students for the 2021-2022 school year. The ten (10) other children were approved for admission into the District. Only the seven Caskey Children were denied.

7. On June 15, 2021, Mrs. Caskey received notification in the form of a letter from the District noting, "the request for seeking attendance in [sic] Santa Fe Trail USD 434 has been denied." The letter did not state a specific reason for the denial of admission.

8.  Following the denial, Mrs. Caskey contacted Building Administrators Mr. Patrick Graham ("Mr. Graham") and Ms. Vicki Jennings ("Ms. Jennings") to discuss the denial of the request of admission. Mr. Graham and Ms. Jennings both informed Mrs. Caskey they had recommended admission for the 2021-2022 school year for the Caskey Children.

9.  Additionally, Mrs. Caskey contacted Board President Mr. Tanner Black ("Mr. Black"), Board Vice President, Ms. Amy Crotinger ("Ms. Crotinger"), Board Member Mr. Justin Ramsdell ("Mr. Ramsdell"), Board Member Ms. Madison Sowers ("Ms. Sowers"), and Board Member Mr. Jason Supple ("Mr. Supple") regarding the denial. The Board members verbally indicated the denial of the Caskey Children was Mr. Lentz's decision and they simply approved his recommendation.

10. On June 28, 2021, Plaintiffs contacted Mr. Lentz via telephone to discuss the denial. Mrs. Caskey recorded the call via her cellular phone and retained an electronic copy of the recording. During the call Mr. Lentz stated it was his decision to deny admission and confirmed that the building administrations had recommended admission.

11. Mr. Lentz confirmed Mrs. Caskey's assertion that "all fingers pointed at him" in this decision indicating the Board members simply approved Mr. Lentz's recommendation and that the Building Principals [Administrators] had recommended admission.

12. Mr. Lentz stated it was his decision to make the recommendation to the Board denying the request for admission.

13. Mr. Lentz stated that his primary reason was that the Caskey's were opposed to most of the District policies and "they'd made that pretty clear".

14. Mr. Lentz did not specify which policies the Caskey's were opposed to during the conversation. Mrs. Caskey disputed Mr. Lentz's assertion of opposition to school policies during the conversation.

15. At no time did Mr. Lentz or any Building Administrator indicate the Caskey Children presented any basis for denial based on District policy JBC or violation of any other policy until after the Plaintiffs retained counsel.

16. At no time, did the Board, Mr. Lentz or any Building Administrator provide any documentation or evidence of an evaluation of the Caskey Children for admission into USD 434 for the 2021-2022 school year pursuant to policy JBC.

17. S.H., YOB 2004, is currently a member of the Santa Fe Trail High School Dance Team ("Dance Team") and is engaged in practices and activities related to the Dance Team on a weekly basis at the Santa Fe Trail High School as well as being a member of the Santa Fe Trail Cross Country and Track teams. S.H. is an honor roll student and has attended USD 434 schools since 2nd grade.

18. Isaac Hook will be a Senior in the 2021-2022 school year and is a member of the Santa Fe Trail High School Football Team ("Football Team") and is engaged in practices and activities related to the Football Team on a weekly basis at Santa Fe Trail High School. Isaac is an honor roll student and has attended USD 434 schools since 3rd grade. Isaac also receives a grant through the school that pays for his college courses that he takes while completing his high school education.

19. L.C., YOB 2006, is a member of the Football team and is engaged in practices and activities related to the Football Team on a weekly basis at Santa Fe Trail High School. L.C. is an honor roll student and has attended USD 434 schools since Kindergarten.

20. One incident noted during the school year involving L.C. resulted in no disciplinary action being taken by the District.

21. T.H., YOB 2008 will be a seventh-grade student in the upcoming school year and plans to participate in football, wrestling and track. T.H. has attended USD 434 schools since preschool.

22. E.H., YOB 2010 will be a fifth-grade student in the 2021-2022 school year and currently maintains an Individualized Education Program ("IEP") for speech related disabilities. E.H. has attended USD 434 schools since preschool.

23. L.C., YOB 2014 will be a second-grade student in the 2021-2022 school year and maintains an IEP for general education and developmental delays. L.C. has attended USD 434 schools since preschool.

24. As part of L.C's IEP, the District and its educational cooperative, Three Lakes Educational Cooperative ("Three Lakes") agreed to provide extended school year services ("ESY"), which the District has provided into the 2021-2022 school year which began on July 1, 2021.

25. E.C., YOB 2016 will be a preschool student in the 2021-2022 school year and attended Santa Fe Trail Preschool in the 2020-2021 school year.

26. On July 14, 2021, the Board again affirmed Mr. Lentz's decision, denying admission to the Caskey Children in a 5-0 vote (Mr. Supple and Ms. Crotinger were absent from

the meeting). Also at this meeting, twenty-two (22) other student applications were presented for out of district admission and all twenty-two of them were approved. This brought the total number of approved out of district admissions to 32 with the Defendants denying only the Caskey children and no one else.

27. During the July 14, 2021, Board meeting, then Counsel for Plaintiffs, Phoenix Anshutz on behalf of Zachary J.C. Anshutz, requested the district produce the evaluations of the Caskey Children conducted pursuant to the mandatory language of District policy JBC, which states, in pertinent part:

   a.  Non-Resident Student Continued Enrollment

   Non-resident students admitted to the district ***shall*** be evaluated each spring by district administration on the following criteria: whether the student made academic progress; residence in the state of Kansas; regularity and punctuality of attendance; and disciplinary record, specifically whether the student complied with the student conduct code and avoided 1) major disciplinary problems and/or 2) a large number of referrals for minor disciplinary problems. (Emphasis added)

28. Counsel for the Board declined to provide the evaluations. It is unclear whether the evaluations were completed for the Caskey Children as required by Policy JBC. To date, no evaluations of the Caskey Children have been provided. However, as previously noted in Section 4 above, both Mr. Graham and Ms. Jennings confirmed to Mrs. Caskey that it was their recommendation to Mr. Lentz that the Caskey Children should be admitted as non-resident students for the 2021-2022 school year.

29. On July 20, 2021, then counsel for Plaintiffs, Zachary J.C. Anshutz, requested the Caskey Children be permitted to continue to attend applicable District programs including athletic practices/events and the 2nd session of the District summer school program applicable to L.C. as part of his IEP. On July 21, 2021, Counsel for Respondent contacted then Mr. Anshutz, stating the Caskey Children could continue

to participate in applicable District summer programs. These programs were being conducted after July 1, 2021, which marks the beginning of the 2021-2022 school year.

30. On or about July 20, 2021, Mrs. Caskey received a letter from District Meal Clerk/Authorized Representative, Ms. Tosha Smith ("Ms. Smith") stating the Caskey Children has/have been directly certified for the **current school year** based on eligibility for Food Assistance (FA), Temporary Assistance for Families (TAF), Foster Child status, certified as Migrant, Runaway or Homeless or enrolled in Head Start. The letter from Ms. Smith lists all seven Caskey Children. (emphasis added).

## APPLICABLE LAW

The Equal Protection Clause and the Due Process Clause of the 14th Amendment to the United States Constitution state, in pertinent part:

> *"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."*

42 U.S. Code § 1983 states, in pertinent part:

> *"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ....., subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law...."*

USD 434 Board of Education policy JBC (Attached herein as Exhibit C) states, in pertinent part:

a. <u>Non-resident Students</u>

   i. Although the district is not required to admit non-resident students, non-resident students may be admitted to the extent that staff, facilities, equipment, and supplies are available. Other criteria regarding students seeking non-resident student admittance may be considered prior to acting

on any annual non-resident student application as specified in this policy…..

b.  Non-resident Student Continued Enrollment

Non-resident students admitted to the district **shall** be evaluated each spring by district administration on the following criteria: whether the student made academic progress; residence in the State of Kansas; regularity and punctuality of attendance; and disciplinary record, specifically whether the student complied with the student conduct code and avoided 1) major disciplinary problems and/or 2) a large number of referrals for minor disciplinary problems. Students may be readmitted or denied based on the results of these evaluations. However, if a student has a disability, the student's ability to meet these expectations shall be considered prior to denying continued enrollment in the district. (Empahsis added).

K.S.A. 60-901, et seq, states, in pertinent part:

"**Provisional remedies; when granted.** When it appears by a verified pleading or affidavit that a party is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce injury to a party; or when during the litigation it appears that a party is doing or threatens or is about to do, or is procuring or suffering to be done, some act in violation of a party's rights respecting the subject of the action, or tending to render the judgment ineffectual, an order may be granted to restrain such act."

K.S.A. 60-801, et seq, states, in pertinent part:

"**Nature of mandamus.** Mandamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law."

## COUNT I – EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION (42 U.S.C. § 1983)

31.  Plaintiff hereby incorporates by reference all above stated paragraphs.

32.  By reason of the aforementioned policies, practices, customs, acts and/or omissions, engaged in under color of state law, Defendants have deprived Plaintiffs of the equal

protection rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as applied to the states and their political subdivisions under the Fourteenth Amendment and 42 U.S.C. § 1983 by denying the Caskey Children admission to USD 434, thereby depriving them of their fundamental right under the United States Constitution to an education based solely on them allegedly disagreeing with "the majority of the schools policies," all while allowing other similarly situated students admission.

33. Mr. Lentz blanketly denied (as ratified by the Board) the Caskey Children admission to USD 434 for the 2021-2022 school year based presumably upon the Caskey Children and/or Mr. an Mrs. Caskey's alleged opposition to the school's policies.

34. Mr. Lentz's decision to deny admission to USD 434 for the 2021-2022 school year is contrary to the USD 434 Board of Education Policy JBC which specifically sets forth the grounds for consideration of admission and does not include disagreement with school policy.

35. The Districts own policies require district administration to evaluate these children every year. It is unknown as to whether or not these evaluations were completed, but it is known that all of the Caskey children meet the criteria required to be readmitted to the district and that re-admittance was recommended by Santa Fe Trail school administrators.

36. Neither Mr. Lentz nor the District provided justification for the denial at the time of the decision, aside from Mr. Lentz's assertion that the Petitioners and/or the Caskey Children disagreed with District policies. Any attempted after-the-fact assertions of

grounds within the purview of Policy JBC are an attempt by the District to create justification for the denial.

37. Plaintiffs deny Mr. Lentz's assertion that the Caskeys are "opposed to some/most of the District's policies".

38. Further, while not specified as to whether it was Mr. and Mrs. Caskey or the Caskey Children who opposed District policies, all of the Plaintiffs maintain a constitutional rights to oppose District policies.

39. Neither the District nor Mr. Lentz provided evidence of a substantial or material disruption of the operation of the school presented by the Caskey Children until alleged factors were provided by District counsel as a presumed method of justifying the decision of Mr. Lentz as ratified by the Board.

40. Mr. Lentz's arbitrary and capricious decision to deny admission to the Caskey Children, as ratified by the Board, due to any alleged opposition to district policies is retaliatory in nature and has the effect of violating Plaintiffs' constitutional rights and is not supported by the recommendations of the District's Building Administrators.

41. The District's decision to permit the Caskey Children to continue to participate in applicable District summer programs after the July 1, 2021 date for the beginning of the 2021-2022 school year, (coupled with Building Administrator recommendations to admit the students) even after the denial of admission on July 14, 2021 for the 2021-2022, is evidence the Caskey Children qualify for admission into the District on an objective basis.

42. While the Board maintains the ability to determine which students will be admitted each year, their ability to choose cannot be based upon discriminatory reasons in violation of the District's own policy guidelines for evaluation of admission.

43. As a direct and proximate cause of Defendants' violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and damages.

WHEREFORE, Plaintiffs respectfully request this Court: Declare the Defendants' have violated the Plaintiffs' constitutional rights; require the Defendants' to admit the Plaintiffs' into USD 434;  require the Defendants' to allow Plaintiffs' into their district in all future years pending they meet the criteria as set out in the District's policies; award Plaintiffs' reasonable attorney fees, costs and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law; and grant such other relief as this Court should find just and proper.

## COUNT II – DUE PROCESS CLAUSE UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION (42 U.S.C. § 1983)

44. Plaintiffs hereby incorporate by reference all above stated paragraphs.

45. By reason of the aforementioned policies, practices, customs, acts and/or omissions, engaged in under color of state law, Defendants have violated Plaintiffs clearly established due process rights guaranteed under the Fourteenth Amendment to the United States Constitution as applied to the states and their political subdivisions under the Fourteenth Amendment and 42 U.S.C. § 1983, in that Defendants' policies are vague, overbroad, and lack sufficient standards and safeguards to curtail the

discretion of school officials, thereby allowing Defendants unbridled discretion to enforce said policies in an ad hoc and discriminatory manner.

46. As a direct and proximate result of Defendants' violation of the Due Process Clause of the Fourteenth Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and damages.

WHEREFORE, Plaintiffs respectfully request this Court: Declare the Defendants' have violated the Plaintiffs' constitutional rights; require the Defendants' to admit the Plaintiffs' into USD 434;   require the Defendants' to allow Plaintiffs' into their district in all future years pending they meet the criteria as set out in the District's policies; award Plaintiffs' reasonable attorney fees, costs and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law; and grant such other relief as this Court should find just and proper.

## COUNT III – INJUNCTIVE RELIEF AND REQUEST FOR IMMEDIATE HEARING

47. Plaintiffs hereby incorporate by reference all above state paragraphs.

48. School enrollment has already begun and the first day of school is scheduled for August 20, 2021.

49. Defendants' wrongful conduct has caused damages to the Plaintiffs.

50. The Plaintiffs will continue to suffer damages unless and until the Court grants injunctive relief preventing the district from denying the Caskey Children admission to the district.

51. To continue protection, the Plaintiffs further request the court issue a mandamus order pursuant to K.S.A. 60-801 directing the Defendants to allow of the Caskey Children to enroll and attend school in the district until further order of the Court.

52. To obtain a preliminary injunction, a plaintiff must establish that (1) there is a reasonable probability of irreparable future injury to the movant; (2) an action at law will not provide an adequate remedy; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. Board of County Com'rs of Leavenworth County v. Whitson, 281 Kan. 678, 683 (2006).

53. The decision to grant a preliminary injunction rests in the sound discretion of the trial court. Woods v. Millspaugh, 15 Kan. 14, 1 (1875). Additionally, the plaintiff's reasonable probability of success on the merits of the claim is a proper consideration in determining the question of issuing a temporary injunction. Wichita Wire, Inc. v. Lenox, 11 Kan.App.2d 459, 463, 726 P.2d 287, 291 (1986). However, "it is only necessary that plaintiffs establish a reasonable probability of success, and not an 'overwhelming' likelihood of success, in order for a preliminary injunction to issue." Wichita Wire, Inc. v. Lenox, 11 Kan.App.2d 459, 463-464, 726 P.2d 287, 291 (1986) (quoting Atchison, T. & S.F. Ry. Co. v. Lennen, 640 F.2d 255, 261 (10th Cir.1981) (emphasis added)).

54. Finally, "the purpose of a temporary or preliminary injunction is not to determine any controverted right, but to prevent injury to a claimed right pending a final determination of the controversy on its merits. The grant of a temporary injunction would not be proper if it would appear to accomplish the whole object of the suit without bringing the cause or claim to trial. A temporary injunction merely preserves the status quo until a final determination of a controversy can be made." Wichita Wire, Inc. v. Lenox, 11 Kan.App.2d 459, 461, 726 P.2d 287, 289 - 290 (1986).

55. Plaintiffs have established the necessary requirements for issuance of a preliminary

injunction and therefore, request a hearing be set as soon as possible, with notice to

the Defendants, for the Court to hear and consider evidence sufficient to the Court to

enter such temporary injunction and mandamus order.

WHEREFORE, Petitioners pray that the Court grant them temporary injunctive relief for

the following:

    a.  Prohibit and restrain the Defendant's from denying the Claskey Children

       admission to the District during the pendency of this litigation; and

    b.  Issue an order of mandamus requiring the Defendants' allow the Claskey

       Children admission to the District during the pendency of this litigation.

Respectfully submitted,

/s/ Kara L. Eisenhut
Kara L. Eisenhut, #27055
J. Phillip Gragson #16103
*Attorneys for Petitioners*

## VERIFICATION

STATE OF Kansas _____ )
)ss:
COUNTY OF Shawnee _____ )

    I, Milissa Caskey, and of lawful age and duly sworn upon my oath, state that I have read the foregoing **Verified Petition**, and that the statements made therein are true and correct to the best of my knowledge, information, and belief.

_____
Milissa Caskey

Sworn to and subscribed before me this 8th day of August , 2021.

_____
NOTARY PUBLIC

Commission Expires: 11/3/2024 _____

Catherine Anna Rech
Notary Public State of Kansas
My Appt Expires 11/3/2024

## VERIFICATION

STATE OF Kansas _____ )
)ss:
COUNTY OF Shawnee _____ )

    I, Lance Caskey, and of lawful age and duly sworn upon my oath, state that I have read the foregoing **Verified Petition**, and that the statements made therein are true and correct to the best of my knowledge, information, and belief.

_____
Lance Caskey

Sworn to and subscribed before me this 8th day of August , 2021.

_____
NOTARY PUBLIC

Commission Expires: 11/3/2024 _____

Catherine Anna Rech
Notary Public State of Kansas
My Appt Expires 11/3/2024

Page 15 of 15